USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-15-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELVIN ACOSTA,

                      Movant,

-against-

UNITED STATES OF AMERICA,

                      Respondent.

17-CV-8569 (PAC)

16-CR-296 (PAC)

OPINION AND ORDER

PAUL A. CROTTY, United States District Judge:

Petitioner Kelvin Acosta, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Acosta pled guilty pursuant to a plea agreement to sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and (e). This offense carries a mandatory minimum term of fifteen years' imprisonment and a maximum term of thirty years' imprisonment. 18 U.S.C. § 2251(e). The stipulated sentencing range under the Sentencing Guidelines was 360 months' imprisonment, and the Court imposed a sentence of 300 months' imprisonment. In the instant petition, Acosta contends that his guilty plea was not knowing and voluntary and that his counsel provided ineffective assistance. The Court rejects each of these arguments.

First, Acosta contends that his plea was not knowing and voluntary because he believed that "the parties stipulated to a sentence not to exceed eight (8) years which was the middle of the agreed guidelines range." ECF 2 at 3. Acosta admits that that his argument is based on his memory rather than a review of either the plea agreement or allocution transcript. A review of the record, however, belies his argument.

The plea agreement plainly stated that Acosta's stipulated Guidelines sentence was 360 months' imprisonment, with a mandatory minimum term of fifteen years' imprisonment.

Moreover, the plea agreement contained a provision waiving Acosta's right to bring a challenge under § 2255 to any sentence at or below the stipulated range of 360 months' imprisonment. Such waiver agreements are enforceable so long as they are entered into knowingly and voluntarily. *See United States v. Djelevic*, 161 F.3d 104, 106 (2d Cir. 1998). During allocution, Acosta represented to the Court that he reviewed the plea agreement with his counsel, voluntarily signed the agreement, and had no questions about the agreement. Acosta further acknowledged that the sentencing range was 360 months' imprisonment, the mandatory minimum sentence was fifteen years' imprisonment, and he was agreeing not to challenge in a collateral attack any sentence at or below the stipulated range of 360 months' imprisonment. Thus, the record conclusively establishes that Acosta knowingly and voluntarily entered both the waiver agreement specifically and his guilty plea generally. Accordingly, Acosta is barred from challenging his sentence on collateral review, and his argument is meritless in any event.

Second, Acosta's ineffective assistance of counsel claim is also meritless. Acosta fails to establish any basis for relief under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He alleges that his counsel was ineffective because she failed to object to the Court's imposition of "the maximum penalty" in light of a plea agreement for a specific sentence of eight years and because she failed to negotiate a plea agreement that reserved the right to appeal on the basis that the indictment was defective. ECF 2 at 8. As discussed above, the record establishes that the parties did not stipulate to a sentence of eight years. In fact, the mandatory minimum sentence was fifteen years' imprisonment, and the Court sentenced Acosta to 300 months' imprisonment instead of the maximum penalty of 360 months. Furthermore, Acosta represented at allocution that he was satisfied with his counsel's advice, and, in any

event, the indictment is not defective on its face. *See Pacheco v. United States*, No. 02-cv-466, 2006 WL 760287, at *6 (S.D.N.Y. Mar. 23, 2006) ("Failing to challenge an Indictment that is not defective on its face does not rise to the level of ineffective assistance of counsel."). Thus, Acosta has not shown that his counsel was ineffective.

Because the files and records of the case conclusively show that Acosta is entitled to no relief, the Court finds that no evidentiary hearing is required and that no notice of the petition need be served upon the United States Attorney. *See* 28 U.S.C. § 2255(b).

The Court, having concluded that the motion brought under 28 U.S.C. § 2255 should be summarily dismissed as being without merit, hereby ORDERS that:

The motion of Kelvin Acosta for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court shall withdraw any pending motions and close this case.

Because Acosta has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

Dated: November 15, 2017
New York, New York

_____
PAUL A. CROTTY
United States District Judge