UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 1:16-cr-00296-PAC-1 |
| KELVIN ACOSTA, ) | Honorable Paul A. Crotty |
| ) | United States District Judge |
| Defendant. ) | |

## Motion for Restitution Payment Schedule

Kelvin Acosta ("Mr. Acosta"), the pro se defendant, respectfully moves the Court for an order setting the restitution payment schedule for its May 12, 2017 Order of Restitution (ECF 42) and for deferred payment of the restitution until his release from custody.

## Legal Standard

18 U.S.C. § 3664(f)(2) requires a district court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of . . . the financial resources and other assets of the defendant . . . ." 18 U.S.C. § 3664(f)(2). Further, 18 U.S.C. § 3664(k) allows a court to modify the restitution payment schedule at any time.

## Relief Requested

In the Court's Order of Restitution (ECF 42, May 12, 2017), the Court imposed restitution in the amount of $650. However, the Court did not specify when the payment is due, or set a schedule of payments. See 18 U.S.C. § 3664(f)(2).

Mr. Acosta respectfully asks the Court to defer payment of the restitution until his release from federal prison, when he will be

in a better position to satisfy the obligation. Alternatively, Mr. Acosta asks the Court to set a modest payment schedule taking into consideration his indigency.

Mr. Acosta earns only $18 to $25 per month in his prison job. Phone calls to family cost over twenty cents per minute, and Mr. Acosta faces hardship attempting to budget funds for hygiene items, legal supplies, and telephone credit on his woeful income. For this reason, he asks the Court to consider his indigency when it fashions a payment schedule or to defer payments until his release when he can gain employment with reasonable wages. See United States v. Miner, No. 14-2636-cr, 14-3757-cr, 617 Fed. App'x 102 (2d Cir., September 21, 2015) (holding that defendant should be set an extended restitution payment schedule rather than immediate payment because he was indigent).

## Conclusion

For these reasons, Mr. Acosta prays that the Court will defer his restitution payments until his release from custody. Should the Court decline his request, he respectfully moves the Court for a modest payment schedule considering his indigent status.

Dated:   December 14, 2017          Respectfully Submitted,

 

X) *Kelvin Acosta*
Kelvin Acosta, pro se
#77307-054
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

## Certificate of Service

I hereby certify under penalty of perjury that on December 14, 2017, I sent a copy of this Motion for Restitution Payment Schedule to counsel for the United States via first-class mail, postage prepaid, at the following address:

> United States Attorneys Office
> Southern District of New York
> 86 Chambers Street
> New York, NY 10007

Dated: December 14, 2017

_____
Kelvin Acosta, pro se

Kelvin Acosta
#77307-054
FCC Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

December 14, 2017

United States District Court
Southern District of New York
Office of the Clerk

                Re:    United States v. Acosta, No. 1:16-cr-00296-PAC
                       Motion filing

Dear Sir or Madam:

   Please file the enclosed Motion for Restitution Payment Schedule with the Court at your earliest convenience.

   Thank you for your time and assistance.

                                        Sincerely,

                                  X /s/ Kelvin Acosta
                                  Kelvin Acosta, pro se

Enclosure