USDC SDNY
DOCUMENT
ELECTRONICALLY F[ILED]
DOC #:
DATE FILED: 3/29/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                 16 Cr. 296 (PAC)

*-against-*

KELVIN ACOSTA,                        **OPINION & ORDER**

           *Defendant.*

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

Kelvin Acosta, *pro se*, moves to modify his restitution payment schedule. Acosta requests that the Court either defer payment of the $650 he owes in restitution until his release from federal prison or set a "modest" payment schedule. Acosta's motion is **DENIED**.

Acosta pled guilty to one count of producing child pornography, in violation of 18 U.S.C. § 2251(a), (e). *See* Judgment, Dkt. 37. On February 14, 2017, Acosta was sentenced to 300 months' imprisonment. *See* Sentencing Tr., Dkt. 38. On May 11, 2017, the Government requested that the Court enter an order of restitution in the amount of $650. *See* Gov. Letter Mot., Dkt. 40, at 1. Acosta agreed in his plea agreement to make restitution to his victims. *See* Plea Tr., Dkt. 29, at 8. The Government received a restitution request from one victim, whom Acosta blackmailed into stealing $600 from her father and traveling to his home to deliver it to him. *See* Gov. Letter Mot., Dkt. 40, at 1-2; Revised PSR, Dkt. 34, ¶ 26. Accordingly, the Government requested an order of restitution on the amount of $650, and Acosta did not object to this request. *See* Gov. Letter Mot., Dkt. 40, at 1. On May 12, 2017, the Court entered an order in that amount. *See* Restitution Order, Dkt. 42.

The Mandatory Victims Restitution Act of 1996 establishes that restitution is to be paid "immediately," unless in the interest of justice the court sets another date or installments. *See* 18 U.S.C. § 3572(d)(1). The Court did not set another date or installments in its order. *See* Restitution Order, Dkt. 42. Acosta contends that the Court may modify the restitution payment schedule at any time under 18 U.S.C. § 3664(k). *See* Acosta Mot., Dkt. 45. That provision, however, permits a court to modify a payment schedule only upon notification of a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." *See* 18 U.S.C. § 3664(k). Acosta presents no evidence of any such change.

Even assuming that the Court has discretion to amend the restitution order at this stage, the Court declines to do so. Acosta argues that the payment of $650 should be deferred until he is released from prison because "he will be in a better position to satisfy the obligation." *See* Acosta Mot., Dkt. 45. He may indeed be in a better financial position upon release, but that is an insufficient basis to defer his restitution obligation for 25 years. If this were a sufficient basis, victims of defendants sentenced to lengthy prison terms would routinely endure decades in which they recouped none of their losses. This would frustrate the entire purpose of restitution: compensating victims for their losses. *See United States v. Pescatore*, 637 F.3d 128, 138 (2d Cir. 2011) ("[A] district court must consider that the purpose of restitution is essentially compensatory: to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury." (quotation omitted)).

Acosta's request for a "modest" installment schedule fares no better, as the Court sees no deficiency in the Bureau of Prisons' ("BOP") plan for collecting the restitution from Acosta. The BOP represents that its policy is to collect $25 per quarter towards payment of restitution if there is a possibility that a defendant could save more than $25 over a three-month period. *See*

Gov. Opp'n Letter., Dkt. 47 at 3. Acosta represents that he earns $18 to $25 per month in his prison job. *See* Acosta Mot., Dkt. 45. Hence, BOP anticipates that it will collect $25 per quarter from Acosta. *See* Gov. Opp'n Letter, Dkt. 47 at 4. Other courts have approved this BOP collection practice. *See, e.g.*, *United States v. Ejike*, No. 04-cr-1316, 2007 WL 1946549, at *8-9 (S.D.N.Y. June 27, 2007) (holding that, "[i]f [defendant] does not have the means to pay whatever remains of the restitution now, BOP may collect the restitution in accordance with the collection procedures set forth in its regulations," which required defendant to pay $25 per quarter). Accordingly, the Court denies Acosta's motion to modify the restitution order.

Dated: New York, New York
      March 24, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge